UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | CIVIL ACTION |
| VERSUS | NO. 21-551-RLB |
| CEBARN CARROLL, ET AL. | CONSENT CASE |

### ORDER

Before the Court is Plaintiff's Motion to Compel Document Production ("Motion to Compel") (R. Doc. 57). The motion is opposed. (R. Doc. 60). Plaintiff filed a Reply. (R. Doc. 63).

**I.    Background**

On September 23, 2021, the plaintiff, Federal National Mortgage Association (FNMA) D/B/A Fannie Mae ("Fannie Mae" or "Plaintiff"), acting by and through an endorsement from Arbor Commercial Funding I, LLC ("Arbor"), brought this action against the defendants, Cebarn Carroll and Austin Carroll (collectively, the "Carrolls" or "Defendants"). (R. Doc. 1, "Complaint"). In the Complaint, Fannie Mae alleges that the Carrolls are personally liable as guarantors for, among other things, the breach of obligations to repair and maintain certain real property and improvements in Baton Rouge known as the Pine Grove Apartments (the "Property"). The Property was purchased on September 9, 2016 by Carroll Properties One LLC ("Carroll Properties" or "CP One"), a Washington limited liability company of which the Carrolls were members.[1] To finance this purchase, Carroll Properties executed a Multifamily Loan and Security Agreement (Non-Recourse) (the "Loan Agreement") to obtain an $8,000,000 loan. (R. Doc. 1-1 at 1-124; Ex. 1 to Complaint).

---

[1] It appears that Carroll Properties is now inactive. (*See* R. Doc. 28 at 32-33).

In anticipation of the purchase of the Property, Carroll Properties entered into a Property Management Agreement with Latter & Blum Property Management, Inc. ("Latter & Blum") on August 16, 2016. (R. Doc. 28 at 13-31). The Property Management Agreement made Latter & Blum the "sole and exclusive property manager to lease and manage" the Property from the time of its purchase. (R. Doc. 28 at 13).

On October 26, 2018, Fannie Mae sent a letter putting Carroll Properties on notice that there was an "Event of Default" under Section 14.01 of the Loan Agreement because Carroll Properties did not timely deposit certain sums demanded by Arbor ("Notice of Default"). (R. Doc. 1-1 at 176-179, Ex. 8 to Complaint). Fannie Mae notified Carroll Properties that the loan was accelerated, that Fannie Mae had the right to foreclose on the Property, and that Fannie Mae had terminated Carroll Properties' license to collect rents. (R. Doc. 1-1 at 176-179).

On December 28, 2018, Fannie Mae initiated foreclosure proceedings by filing a Verified Petition for Executory Process in the 19th Judicial District for the Parish of East Baton Rouge, State of Louisiana (the "Executory Proceeding").[2] (R. Doc. 1-1 at 180-191; Ex. 9 to Complaint). The state court judge then signed an Order of Seizure and Sale in the Executory Proceeding, ordering the issuance of Writ of Seizure and Sale, with appraisal, of the Property. (R. Doc. 1-1 at 192-194). The Order of Seizure and Sale appointed Latter & Blum as the keeper of the mortgaged property with full power of administration of the seized property. (R. Doc 1-1 at 194). Fannie Mae purchased the Property at the judicial sale. (R. Doc. 1-1 at 195-202; Ex. 11 to Complaint).

Fannie Mae is now seeking recovery from the Carrolls on the basis that they are guarantors who are personally liable for breach of the obligations to repair and maintain the

---

[2] *See Federal National Mortgage Association (FNMA) d/b/a Fannie Mae v. Carroll Properties One LLC*, No. 677793, Div. "D".

2

Property, as well as for "Transfers" not permitted under the Loan Agreement. (R. Doc. 1). These purportedly disallowed "Transfers" constitute three separate liens that were placed on the Property prior to the September 23, 2020 judicial sale: (1) $7,477.54 lien by Cornerstone Commercial Flooring, L.L.C recorded on November 19, 2018 (the "Cornerstone Lien"); (2) $17,009.68 lien by Noland Company recorded on February 1, 2019 (the "Noland Lien"); and (3) a $12,382.50 lien by Baton Rouge Sewer & Drain Service, Inc. d/b/a Roto Rooter Plumbing recorded on February 6, 2019 (the "Roto Rooter Lien") (collectively, the "Liens"). (R. Doc. 1-1 at 199-200).

The Carrolls are seeking recovery from the third-party defendant Latter & Blum on the basis of legal indemnity. (R. Doc. 49). Latter & Blum filed a Motion to Dismiss the Carrolls's third-party claim. (R. Doc. 54).

On June 21, 2023, Fannie Mae served its First Set of Requests for Admission, Interrogatories, and Requests for Production on the Carrolls. (R. Doc. 57-2).

On July 12, 2023, the Carrolls sought an agreement whereby they would only need to "respond to the Request[s] for Admission at this time" while the parties "continue to explore the possibility of settlement." (R. Doc. 57-3 at 1). Fannie Mae represents that the Carrolls then only produced responses to the Requests for Admission later that day.

On July 19, 2023, Fannie Mae agreed to extend the Carrolls's deadline to provide responses to the interrogatories and requests for production prior to a telephone conference set with the Court on August 3, 2023. (R. Doc. 57-4 at 1). Later that day, the Court reset the conference for September 6, 2023. (R. Doc. 53).

On August 18, 2023, Fannie Mae sought an update on the outstanding responses, stating that "[a]t the very latest, Fannie Mae needs them by the end of the month so that [its counsel] can

review them in advance of the status conference" set for September 6, 2023. (R. Doc. 57-5). The Carrolls responded that they were "making progress" and "expect to have them done this coming week." (R. Doc. 57-5). The Court has since cancelled the scheduling conference. (R. Doc. 59).[3]

On August 25, 2023, the Carrolls provided their answers and responses to Fannie Mae's interrogatories and requests for production. (R. Doc. 57-6). While there are some variations, the Carrolls responded to most of the requests for production as follows:

> See Objections to Definitions and Instructions. Defendants specifically object to this Request on the ground that it seeks to discovery documents from CP One, which is not a party to this suit. Without waiving said objections, Defendants personally possess no documents responsive to this Request other than those that may be contained in the voluminous documents produced by [Latter & Blum] and the voluminous documents produced by Fannie Mae in this litigation. Defendants have not yet searched those documents to identify documents that may be responsive to this Request and will supplement this Response when it has done so.

(*See* R. Doc. 57-6 at 10-18). It appears that the parties did not engage in any further discussions regarding the discovery requests (or the foregoing response).

On September 1, 2023, Fannie Mae filed the instant Motion to Compel, which seeks "an Order pursuant to Federal Rules of Civil Procedure [37(a)(3)(B)(iv)] compelling the Carrolls to produce documents responsive to Fannie Mae's request for production." (R. Doc. 57 at 1). The Motion to Compel does address the Carrolls's responses to the Requests for Production or otherwise indicate that counsel for the parties discussed those responses prior to the filing of the instant motion. Nevertheless, Fannie Mae "certifies that it has made good faith efforts to obtain this document production prior to the filing of the instant motion in conformity with Rule 37." (R. Doc. 57 at 2).

---

[3] The Court will separately issue an amended Scheduling Order considering the deadlines proposed by the parties and the need to move this action forward without further delays.

4

In opposition, the Carrolls argue that the Motion to Compel should be denied because their responses and objections to the requests for production "are well founded under the peculiar circumstances of this case." (R. Doc. 60 at 1). The Carrolls further argue that the Motion to Compel should be denied without prejudice until the parties have had an opportunity to discuss settlement and the Court has ruled on the motion to dismiss filed by Latter & Blum. The Carrolls argue that they do not "individually possess" any of the documents sought that are responsive to Fannie's Mae's requests other than the 16,000 pages of documents produced to them in this action by Fannie Mae and Latter & Blum. (R. Doc. 60 at 4). The Carrolls further argue that they would incur an "unsubstantial financial burden" (and reduce their ability to make any settlement payments) if they were required to review the documents produced to them, organize and label them, and then produce them back to Fannie Mae and Latter & Blum. (R. Doc. 60 at 4-5).

In reply, Fannie Mae argues, for the first time, that the Carrolls, as "key principals" of Carroll Properties, have "custody" or "control" of the sought documents in light of the Loan Agreement, the Guaranty, and status as "individuals that control" Carroll Properties. (R. Doc. 63 at 1-4). Fannie Mae further argues that any financial burden to the Carrolls in responding to discovery does not outweigh the likely benefit of the discovery. (R. Doc. 63 at 4-5). Fannie Mae further represents that it is "merely seeking the unique documents in the Carrolls's possession, custody, or control that are responsive to its requests," as opposed to documents that are in the Carrolls's possession merely because they have been produced by Fannie Mae and Latter & Blum. (R. Doc. 63 at 5-6).

**II.    Law and Analysis**

    **A.    Legal Standards**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A party must respond or object to a request for production within thirty days after service of the discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

**1.     The Good Faith Conference Requirement**

As an initial matter, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In addition, the Court's Scheduling Order provides the following: "Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 9 at 1).

Fannie Mae does not certify that the parties conferred in person or by telephone with respect to the Carrolls's responses and objections to the requests for production. The record indicates that Fannie Mae agreed (although reluctantly and belatedly) to certain extensions of the deadline to respond to the requests for production. Given the parties' agreements, the responses and objections to the requests for production were timely provided on August 25, 2023. There is no argument before the Court that the written response was untimely.[4] After Fannie Mae received the responses and objections, it had a duty to confer with the Carrolls with respect to those responses and objections prior to the filing of the instant Motion to Compel. There is no

---

[4] Fannie Mae argues that the "document production has not been produced on the timeline agreed to by the parties and remains outstanding." (R. Doc. 57 at 1-2). But the parties only agreed to extensions of deadlines with respect to providing written responses and objections. Fannie Mae has not directed the Court to anything in the parties' communications indicating that the Carrolls agreed to produce all responsive documents without objection. In their Motion to Compel, Fannie Mae oddly seeks an order compelling a "document production" without addressing any of Latter & Blum's written responses and objections.

indication in the record that any such discussion was held. Indeed, the Motion to Compel simply seeks an order requiring the Carrolls to produce documents without any discussion of the specific requests for production or responses and objections at issue.[5]

In sum, the briefing before the Court indicates that the parties did not confer regarding Defendants' response (or objection) that they are not in "possession" of the discovery sought prior to the filing of the instant Motion to Compel. The Motion to Compel is silent on this issue. It is only in its reply memorandum that Fannie Mae explains its position that the Carrolls have "custody" or "control" over the documents sought. And it is through the reply memorandum that Fannie Mae appears to first explain to the Carrolls that it is seeking only "unique" documents that Fannie Mae and Latter and Blum have not previously produced. (R. Doc. 63 at 5). These issues should have been discussed between counsel prior to the filing of the instant motion in a good faith effort to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(1).

Any further discovery motion in this action shall include a certification informing the Court of the date of the conference, the length of the conference, the counsel who participated in the conference, each discovery request and response discussed at the conference, and the parties' attempts at resolving each discovery dispute. If the opposing party did not appear for a conference, the movant shall detail all attempts made to confer by telephone and in writing.

### 2. Possession, Custody, or Control

The Court agrees with Fannie Mae, however, that the Carrolls's response that it does not have "possession" of documents sought is insufficient given that they do not indicate whether they have "custody" or "control" over the documents sought.

---

[5] Fannie Mae fails to "quote verbatim" (or otherwise reference) each request for production, response, or objection at issue. *See* LR 37. It is therefore unclear whether all requests for production are at issue. Furthermore, Fannie Mae makes no attempt to explain whether it is solely seeking documents generated by Carroll Properties or other communications that would involve the Carrolls individually.

Rule 34 requires that responding parties produce responsive documents that are within their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). Documents are deemed to be within the "possession, custody or control" of a responding party if that party either has "actual possession, custody or control" of the documents or if that party "has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Estate of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. April 2, 2004). "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Id.* (citing *Commerce and Industry Ins. Co. v. Grinnell Corp.,* Nos. 97-0775, 97-0803, 98-2200, 2001 WL 96337, at *3 (E.D. La. Feb. 1.2001)). The burden, however, is on the party seeking discovery to make a showing that the other party has control over the documents sought. *Id.*

"A party has 'control' over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. 22-2398, 2023 WL 2185981, at *8 (E.D. La. Feb. 23, 2023) (citations omitted). "Thus, documents owned or possessed by agents, attorneys, hired consultants and other third-parties hired by a party that the party can reasonably obtain the requested information from upon its own request fall within that party's custody or control." *Id*. "To establish control over documents in the possession of a non-party, the movant must typically show that there is 'a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession.'" *Id.* (quoting *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014). "Factors to consider in determining whether a party has 'control' of materials include whether the party could secure the materials from the

9

non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity." *Louisiana Corral*, 2023 WL 2185981, at *8 (citation omitted).

As discussed above, it appears that the parties did not meet and confer with respect to whether the Carrolls are in "custody" or "control" of the documents sought. Accordingly, the Court will require the Carrolls to provide supplemental responses to the requests for production indicating whether they are in "custody" or "control" of the documents sought. If applicable, the Carrolls may certify that they are not in possession, custody, or control of responsive documents.

If a dispute remains after this supplementation, the parties must meet and confer, as required under Rule 37(a)(1) and Rule 26(c)(1), prior to the filing of any further motion pertaining to these discovery requests. Any such conference shall include a discussion of whether, and to what extent, the information sought is obtainable through a third-party subpoena directed at Carroll Properties.

### 3. Delayed Resolution of the instant Motion to Compel

The Court has considered the Carrolls's request that the Court delay resolution of the instant Motion to Compel in light of potential settlement negotiations and in light of Latter & Blum's Motion to Dismiss. While the parties are encouraged to engage in productive settlement negotiations, the Court does not find good cause to stay discovery for the reasons requested by the Carrolls. This action has been pending for over two years and needs to move toward resolution. Given that Fannie Mae has clarified that it is not seeking the re-production of documents already produced by Fannie Mae and Latter & Blum, the scope of potential discovery appears to have been substantially narrowed. The supplemental responses required by this ruling will move the parties toward resolving the instant discovery dispute.

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 57) is **GRANTED IN PART and DENIED IN PART.** Defendants shall provide supplemental responses to Plaintiff's Requests for Production within **14 days** of the date of this Order as discussed in the body of this Order. No additional objections to the discovery requests, other than those regarding any privileges or immunities, are allowed.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on October 17, 2023.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**